**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>      Plaintiff,<br><br>v.<br><br>FITBIT, INC.<br><br>      Defendant. | C.A. No. 1:16-cv-00683-GMS<br>CONSOLIDATED |

## [PROPOSED] SCHEDULING ORDER

IT IS ORDERED that:

1. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties or amend the pleadings shall be filed on or before **June 5, 2017**.

2. **Reliance Upon Advice of Counsel**. Defendants shall inform plaintiff whether they intend to rely upon advice of counsel as a defense to willful infringement and, if defendants elect to rely on advice of counsel as a defense to willful infringement, defendants shall produce any such opinions and supporting materials on which defendants intend to rely to plaintiff no later than **February 28, 2018**

3. *Markman* **Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on (Plaintiff's proposed date: **November 21, 2017**, at 9:30 a.m. in Courtroom 4A. The *Markman* hearing is scheduled for a total of **4** hours with each side having **2** hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before **August 18, 2017**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic and extrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic

and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on **October 20, 2017**. The parties shall exchange proposed claim terms for construction on **July 13, 2017**, and shall exchange proposed constructions for those terms on **July 28, 2017**. The proposed constructions shall include (i) a preliminary identification of any intrinsic and extrinsic evidence relied on in support of a construction, including without limitation dictionary definitions, and (ii) for each claim term that a party contends is governed by 35 U.S.C. § 112 ¶ 6, that term's function and corresponding structure(s), act(s), or material(s) that performs that function. The parties shall file opening claim construction briefs on **September 19, 2017**, and answering claim construction briefs on **October 20, 2017**. Briefing will be presented pursuant to the court's Local Rules.

    4.    **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before **March 30, 2018**. All production of documents in this case shall be substantially completed by **August 24, 2017**. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **April 20, 2018**. Rebuttal expert reports shall be served on or before **May 25, 2018**. Expert Discovery in this case shall be initiated so that it will be completed on or before **June 29, 2018**.

    a.    **Initial Identification of Accused Products**. By or on **January 30, 2017**, plaintiff shall preliminarily identify the accused products and the asserted claim(s) they allegedly infringe, disclose its damages model, and produce the file history for the asserted patent.

    b.    **Production of Core Technical Documents**. By or on **March 1, 2017**, defendants shall produce to plaintiff (i) the core technical documents related to the accused product(s), including without limitation operation manuals, product literature, schematics, and

specifications, and (ii) sales figures for the accused product(s) including unit sales and gross revenue on a monthly basis. Further, on that date, Plaintiff shall produce (1) a copy of each settlement, license, covenant not to sue or other agreement granting rights in the '212 patent and (2) all offers it has made (or received) for a settlement, license or covenant not to sue in the '212 patent

   c. **Initial Infringement Contentions**.  By or on **April 14, 2017**, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes on an element by element basis.

   d. **Initial Invalidity Contentions**.  By or on **June 2, 2017**, Defendants shall produce their initial invalidity contentions for each asserted claim, comparing the asserted reference to the claims on an element by element basis for primary references, as well as the cited invalidating references.

   e. **Final Infringement Contentions**. By or on **February 2, 2018**, plaintiff shall produce to defendants final infringement contentions.

   f. **Final Invalidity Contentions**.  By or on **March 2, 2018**, defendants shall produce to plaintiff final invalidity contentions.

   g. **Discovery and Scheduling Matters**:  Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF),  a **Joint Letter Agenda**, which is <u>**non-argumentative**</u>, not to exceed two (2) pages outlining the issue(s) in dispute.

---

[1] Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

A sample letter can be located on this court's website at www.ded.uscourts.gov.  After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference.    Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.   The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      5.  **Confidential Information and Papers filed under Seal**.  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court by **February 8, 2017**.  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

      6.  **Settlement Conference**.   Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

      7.  **Summary Judgment Motions**.  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.   The opening letter brief

shall be no longer than five (5) pages and shall be filed with the Court no later than **July 20, 2018**. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **August 3, 2018**. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **August 17, 2018**. If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

8. **Case Dispositive Motions**. To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

9. **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

10. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

11. **Pretrial Conference**. On **January 22, 2019**, beginning at **10:00 a.m.** in Courtroom 4A, the Court will hold a Pretrial Conference, in Chambers for Jury trials and via

telephone for Bench trials, with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine*[2]:** **NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before **January 7, 2019**.

      12. **Trial**. The first trial in this matter is scheduled for a **5** day jury trial beginning at 9:30 a.m. on **February 11, 2019**.

      13. **Scheduling**. The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

                                                                                      _____
                                                                                       UNITED STATES DISTRICT JUDGE

---

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

## EXHIBIT A

| Event | Deadline |
|---|---|
| Rule 26(a) Disclosures | [complete] |
| Blackbird shall identify the accused products and each asserted claim that those products allegedly infringe, disclose its damages model, and produce the file history for the asserted patent | January 30, 2017 |
| Protective Order due | February 8, 2017 |
| Defendants shall produce the core technical documents related to the accused products and annual unit sales and revenues for the accused product(s) for each of the prior six years.  Blackbird shall produce (1) a copy of each settlement, license, covenant not to sue or other agreement granting rights in the '212 patent and (2) all offers it has made (or received) for a settlement, license or covenant not to sue in the '212 patent. | March 1, 2017 |
| Blackbird shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes on an element by element basis | April 14, 2017 |
| Defendants shall produce their initial invalidity contentions for each asserted claim, comparing the asserted reference to the claims on an element by element basis for primary references, as well as the cited invalidating references | June 2, 2017 |
| Joinder of parties and amendment of pleadings, except inequitable conduct and willfulness | June 5, 2017 |
| Exchange Plaintiff's and Defendants' proposed terms for claim construction | July 13, 2017 |
| Exchange Plaintiff's and Defendants' proposed constructions for claim construction | July 28, 2017 |
| File Final Plaintiff's and Defendants' Joint Claim Chart | August 18, 2017 |
| Document Production Substantially Complete | August 24, 2017 |
| Privilege logs | September 7, 2017 |
| File Plaintiff's and Defendants' Opening Claim Construction Briefs | September 19, 2017 |
| Last day to amend to add inequitable conduct or willfulness allegations | September 22, 2017 |
| File Plaintiff's and Defendants' Answering Claim Construction Briefs and Joint Appendix | October 20, 2017 |

| Event | Deadline |
|---|---|
| *Markman* Hearing (1/2 Day) | November 21, 2017, 9:30 AM in Courtroom 4A |
| Final infringement contentions | February 2, 2018 |
| Reliance on advice of counsel (Defendants to disclose intent and produce documents) | February 28, 2018 |
| Final invalidity contentions | March 2, 2018 |
| Close of fact discovery | March 30, 2018 |
| Serve opening expert reports on issues for which a party bears the burden of proof | April 20, 2018 |
| Serve rebuttal expert reports | May 25, 2018 |
| Close of expert discovery | June 29, 2018 |
| Opening summary judgment letter briefs seeking permission to file summary judgment motions | July 20, 2018 |
| Answering letter briefs seeking permission to file summary judgment motions | August 3, 2018 |
| Reply letter briefs seeking permission to file summary judgment motions | August 17, 2018 |
| Summary Judgment – opening briefs[3] | within 2 weeks of Court's decision |
| Summary Judgment – answering briefs | per LR |
| Summary Judgment – reply briefs | per LR |
| Summary Judgment Hearing | TBD |
| Pretrial Order | Jan. 7, 2019 |
| Pretrial Conference | Jan. 22, 2019, 10:00 am Courtroom 4A |
| First Jury Trial | February 11, 2019, 9:30 am in Courtroom 4A (5 days) |

---

[3] Subject to the Court's permission to file summary judgment motions.